IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 1800 W. LAKE STREET LLC, | ) | |
| | ) | Case No. 14 CV 00420 |
| Plaintiff, | ) | |
| | ) | Judge Matthew F. Kennelly |
| v. | ) | |
| | ) | |
| AMERICAN CHARTERED BANK and | ) | |
| SCHERSTON REAL ESTATE | ) | |
| INVESTMENTS, LLC, | ) | |
| Defendants. | ) | |

**RESPONSE TO ORDER TO SHOW CAUSE**

Meltzer, Purtill & Stelle LLC ("MPS"), American Chartered Bank and Scherston Real Estate Investments, LLC (together, "Defendants" and, together with MPS, "Respondents") hereby file this response to the Court's Memorandum Opinion and Order dated August 25, 2015 [Dkt. No. 77] and state as follows:

**Introduction**

Respondents, and particularly undersigned counsel, have had an opportunity to spend many hours contemplating the errors made in this case and currently at issue. Those errors are not trivial, and not excusable. Nothing herein seeks to suggest otherwise. Respondents truly apologize to this Court for the occurrence and reoccurrence of those errors, for the time this Court wasted on such matters at the summary judgment stage and after trial, and for any other impact of this repeated inattention. Here, Respondents simply seek to explain the occurrence of the errors to the best of their abilities, to explain what actions Respondents have taken since learning of the errors, and to consider the errors under the standards of Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and 28 U.S.C. § 1927 ("Section 1927"). Of principal importance is that: (i) the point in error was not made deliberately, (ii) the error at issue is a

1

limited occurrence, and (iii) Respondents have taken appropriate steps to ensure that it is not repeated.

Two primary issues have dominated this case: (i) whether Defendants' valuation of the 1800 W. Lake Street property (the "Property") is correct and therefore Plaintiff received sufficient value for its transfer and (ii) whether, even if Plaintiff's Property valuation is correct, Defendant still provided enough additional consideration to defeat a fraudulent transfer claim. Those were the principle arguments focused on in every filing in this case and addressed at trial. They are similarly the principal arguments raised in the companion case of 1756 W. Lake Street, LLC (Case No. 14-cv-01869) (the "1756 Case") and the appeal of that case before the Seventh Circuit (Case No. 14-3435).

Respondents do not dispute that errors were made in Defendants' motion for summary judgment before this Court and at trial. The error was the incorrect answer to the question: what would occur if Defendants hypothetically sold the Property for a price that generates excess proceeds above the balance of all loans secured and cross-collateralized by the Property? As this Court is well-aware, the erroneous answer given was that excess proceeds would go to the Plaintiff, when in fact the proceeds would be retained by Defendants. Such a statement was careless in that it was both incorrect and inconceivable.

Voluminous documents were prepared and filed in this case, the 1756 Case, the two related bankruptcy cases and the appeal of the 1756 Case. The undersigned counsel alone prepared motions to dismiss in each of the chapter 11 cases, a motion to dismiss and related pleadings in this case and the 1756 Case, a motion for summary judgment and related pleadings in this case and the 1756 Case, and the briefs and oral arguments before the Seventh Circuit for the appeal of the 1756 Case. Unfortunately, the above-described error was made, and due to

overlap in facts and arguments among the various pleadings and cases, a significant amount of "cutting and pasting" occurred among the pleadings in this case and the 1756 Case, meaning that where an error occurred and was not caught, it was much more likely to be repeated and repeated both in this case and the 1756 Case. Focus was paid on the facts that undersigned counsel believed were different between the cases and too little focus was given to those that were presumably the same.

  The error must have occurred first in this case. Undersigned counsel prepared an affidavit in support of summary judgment in this case for the client's review and execution. That affidavit included the incorrect statement described above. The statement was correct in the context of a judicial foreclosure transaction, but incorrect in the present context of a deed in lieu of foreclosure transaction. That error was cut and pasted, together with surrounding statements, into Defendants' proposed statement of uncontested facts and into the background section of Defendants' brief on summary judgment, where it similarly went unnoticed in both instances. Those documents in support of summary judgment in this case were then duplicated for purposes of seeking summary judgment in the 1756 Case and only modified to the extent necessary to reflect the different loans and properties at issue in each case.

  Respondents are unaware of any such error made in an affidavit prepared by undersigned counsel's firm for Defendants or any other client, nor are Respondents aware of such an error in any other cases by undersigned counsel's firm, or of any affidavit executed by anyone employed by Defendants. The error appears to be isolated to the summary judgment motion and trial in this case and the summary judgment filing in the 1756 Case.

  It is now clear that this Court, had it believed the statement in error, might have ruled in Defendants' favor at the summary judgment stage. The Court makes mention of this in its order

3

denying summary judgment – a point counsel subsequently realized and made no attempt to skirt in Defendants' motion to amend Ms. Perna's affidavit (*see* Dkt. No. 58, n3). The Court issued that order on December 23, 2014. Undersigned counsel read the order on an iPhone while on vacation over the holidays. A more careful reading of the order would have revealed this issue at that stage. The order was subsequently reviewed numerous times and more carefully, but attention was focused on what proof this Court noted remained to be shown at trial. The point at issue was simply never noticed in such review. Had it been, undersigned counsel would have avoided asking a question at trial to elicit that exact point in error which the Court questioned in its written opinion issued nine months prior. Deliberately doing so in the face of this Court's prior order would be beyond reckless, and not anything the Respondents would ever do intentionally.

As noted, the record reflects that undersigned counsel questioned Ms. Perna at trial as to what would occur in the context of excess proceeds above cross-collateralized loan amounts and that Ms. Perna answered in error. This is baffling and undersigned counsel was, quite honestly, very surprised to read this Court's recitation of the trial transcript and see that he had asked the question at issue. Undersigned counsel knows without question that this was either, or a combination of, an innocent mistake or genuine confusion on both his part and Ms. Perna's. The question could only have been included in counsel's outline of questions due to a cut and paste of aspects of the summary judgment pleadings that morphed into a trial outline. Although it was one question raised in approximately three days of testimony and an issue that Respondents consider tangential to its principal arguments in this case, it was an error nonetheless.

During over a week of preparation, undersigned counsel never once discussed this point in error with Mr. Metnick, who co-chaired the trial in this case or any other attorney at

4

undersigned counsel's firm. During the years that this case has been pending, including in trial preparation, undersigned counsel never discussed with Ms. Perna or any other client representative the point in error. Defendants instead focused entirely on their two independent paths to victory: (i) the appraised value and (ii) the value of the consideration conveyed to Plaintiff. Respondents never considered anything else relevant to their victory in this matter.

Clearly, this Court believes that counsel continued to deliberately advance a point of error or at least knew the point in error was being made and exerted no effort to correct the issue. Respondents agree that such intentional behavior would be reckless. Respondents are well-aware that this Court is unconvinced that counsel's inclusion of this error more than once in this case's history can be chalked up to carelessness.

Counsel does not take lightly this error or wasting this Court's time. However, reckless behavior would suggest a lack of concern for the consequences of one's actions. Undersigned counsel simply asks this Court to consider whether, in the context of this case, the admissions by Respondents of the error, the sincere efforts to remedy the error, and remediation efforts to ensure the error does not reoccur, if Respondents appear truly unconcerned about the consequences of their actions. Respondents assert that they would never undertake such a pointless and careless path, except under the series of failures and circumstances described.

Nonetheless, the error was made and made on more than one occasion. Respondents initially sought to rectify those errors through their internal investigations and a motion to correct Ms. Perna's affidavit.

Additionally, steps have been taken to ensure that no such error is repeated. Professionals at all levels within undersigned counsel's firm and employed by Defendants have been reminded of the importance of carefully reviewing affidavits and the ramifications of

failing to do so. Undersigned counsel's firm has also worked with Defendants to strengthen Defendants' policies for reviewing affidavits in American Chartered Bank's special assets group. Previously, only the signatory to the affidavit would typically review the affidavit prior to execution. Going forward, two of Defendants' employees familiar with the loan file at issue will review an affidavit from the special assets group prior to execution. This new policy will undoubtedly help ensure that fewer errors occur going forward.

With respect to undersigned counsel's firm, to further ensure that this error is isolated to this case and the 1756 Case, undersigned counsel will inform all attorneys who could possibly be involved in a deed in lieu dispute of the error made in this case and urge care to ensure that such error is not repeated again.

Further, Respondents have made genuine, good faith efforts to settle this case, which Plaintiff flatly rejected. All that is left is the learning experience and the mark on counsel's reputation to ensure that future work is performed with a greater degree of care.

Finally, on a personal note, whether Respondents are sanctioned or not, with decades left to practice, undersigned counsel intends to use this experience for the best to ensure that no remotely similar mistake is ever repeated in any context.

## Rule 11 Analysis

The relevant purpose of Rule 11 is to ensure that pleadings, motions or other papers are well grounded in fact and in law or present a good faith argument for the extension, modification or reversal of existing law. *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 118 (7th Cir. 1994).[1] Rule 11 sanctions are only intended for exceptional circumstances and are to be imposed sparingly. *Hartmax Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2002) (citing *Pac. Dunlop*

---

[1] While not relevant under the circumstances, Rule 11 further provides that "the attorney's signature also warrants that the document is not presented for an improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d at 118.

*Holdings, Inc.*, 22 F.3d at 118 (7th Cir. 1994)) (holding that district courts must impose Rule 11 sanctions sparingly); *Wackenhut Corp. v. Local 1, Serv. Employees Intern. Union*, 2013 WL 5753834, *2 (Oct. 22, 2013) (citing *Teamsters Local Union No. 430 v. Cement Express Inc.*, 841 F2d 66, 68 (3d Cir. 1988) ("Rule 11 is intended only for exceptional circumstances.")).

Undersigned counsel signed documents submitted before this Court that at times contained and at other times were based on an error. This is undisputed. Nonetheless, Respondents firmly believe that the error, while careless, was in each instance innocent and tangential to Respondents' arguments in this case.

Respondents never intentionally advanced the error for an improper purpose and the point was so hypothetical in nature and insignificant in Respondents' eyes that its presence should not rise to the level of sanctions under Rule 11. Indeed, it is the very fact that the fact in error was never considered remotely possible to Respondents and was never part of Respondents' arguments in this case that explains why Respondents never discussed the point or noticed the error.

Respondents do not dispute that this Court considers the error material due to the Court giving it serious consideration at the summary judgment stage irrespective of whether Respondents ever raised the issue as part of their argument. Respondents do not take lightly any waste of this Court's time or the significance its error would have if it altered this Court's decision. However, the Seventh Circuit has held that under a Rule 11 analysis, the focus must be on the party's *conduct*, not the *result*. *Pac. Dunlop Holdings, Inc.*, 22 F.3d at 119 (citing *Mars Steel Corp. v. Cont. Bank N.A.*, 880 F.3d 928, 933 (7th Cir. 1989)). Here, that conduct represents an error counsel made unintentionally, deemed immaterial to its argument, and occurred in limited instances within a protracted case based mainly on other arguments. That this Court

deemed the point at issue relevant to its summary judgment is the result of Respondents' conduct but does not speak to the conduct itself.

Finally, the central goal of Rule 11 is deterrence, not punishment. *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d at 119 (citing *Milwaukee Concrete Studios v. Fjeld Mfg. Co.*, 8 F.3d 441, 451 (7th Cir. 1993)). Sanctions are appropriate under Rule 11 where they are deemed necessary to deter similar attorney conduct in the future. *Id.* In the present case, counsel has thus far been rebuked in open court and in detail in an opinion of this Court. Respondents do not dispute the appropriateness of the Court's reaction. There is little question that the undersigned counsel will be more careful in all documents filed with the Court going forward. Other attorneys are similarly fairly warned of the seriousness of such errors and would be wise to be similarly careful in pleadings before this and any other court. Yet to sanction counsel further is unnecessary. Doing so would in no way further deter similar conduct. It would only add further public embarrassment to an already public and highly embarrassing situation where written and oral admonition have been well effectuated.

## 28 U.S.C. § 1927 Analysis

28 U.S.C. § 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct." 28 U.S.C. § 1927. The purpose of Section 1927 "is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." *Riddle & Assoc., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (quoting *Kapco Mfg. Co. v. C&O Enters., Inc.*, 866 F.3d 1485, 1491 (7th Cir. 1989)). To warrant sanctions under Section 1927, an attorney must act in an objectively unreasonable manner. *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir.

2014) (quoting *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988)). As this Court has noted, reckless and indifferent conduct is sufficient to satisfy the objectively unreasonable standard under Section 1927. *See Kotsilieris v. Chalmers*, 966 F.2d 1181, 1185 (7th Cir. 1992).

In the present case, Respondents respectfully disagree with this Court's view that the errors at issue constitute reckless and indifferent conduct. It is the very fact that the errors at issue were considered so tangential to Defendant's case and so inconceivable to occur that they went unnoticed. The fact that an error occurred and was repeated is not excusable but is similarly not representative of reckless and indifferent conduct in the context of litigation. Under the circumstances, Respondents respectfully assert that this error, even upon repetition, does not rise above the level of negligent inattention, and that finding otherwise is inconsistent with Section 1927 sanctions. Respondents do not argue that the errors at issue are easily excusable, only that they were not so unreasonable as to be sanctionable under Section 1927. *See*, *e.g.*, *Kotsilieris v. Chalmers*, 966 F.2d at 118 (stating that Seventh Circuit precedent "does not stand for the proposition that *any* unreasonable conduct is sanctionable under section 1927") (emphasis in original).

Further, the undersigned counsel's carelessness amounted to wasted time and efforts by this Court on multiple occasions, and for that undersigned counsel is sincerely regretful. These circumstances are unfortunate but not so exceptional to warrant additional sanctions under Section 1927.

## Conclusion

The errors at issue in this case were careless but never willful or deliberate. Respondents do not dispute that they represent negligence, but respectfully disagree that they evidence recklessness. As such, under the circumstances, Respondents respectfully argue that the

9

mistakes made in this case, while not taken lightly, do not warrant sanctions under Rule 11 or Section 1927. The errors were not made knowingly or for any improper purpose. Further, in light of the actions taken and statements made by this Court thus far, significant deterrence will come from the orders already made by the Court to Respondents, as well as comments made in open court.

Declining to impose sanctions is not a sign that this Court takes Respondents' actions lightly or approves of similar negligence in future cases, but simply a sign that of all the errors a litigant could make, those evidenced in this case do not rise to a level requiring both public rebuke and sanctions under Rule 11 or Section 1927. For the foregoing reasons, Respondents respectfully request that the Court not enter sanctions in this matter, and discharge its show cause order.

Dated: September 8, 2015

Respectfully submitted,

**AMERICAN CHARTERED BANK** and **SCHERSTON REAL ESTATE INVESTMENTS, LLC**

By: /s/ Jordan M. Litwin
One of Their Attorneys

and

**MELTZER, PURTILL & STELLE LLC**

By: /s/ Jordan M. Litwin
One of its Partners

Jordan M. Litwin
Jason M. Metnick
**MELTZER, PURTILL & STELLE LLC**
300 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 987-9900
jlitwin@mpslaw.com
jmetnick@mpslaw.com