**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **1800 W. LAKE STREET, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14 C 420** |
| | ) | |
| **AMERICAN CHARTERED BANK and** | ) | |
| **SCHERSTON REAL ESTATE** | ) | |
| **INVESTMENTS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff 1800 W. Lake Street, LLC, which owned real estate in Chicago, obtained

a loan from American Chartered Bank secured by a mortgage on the real estate. Later,

it entered into a series of forbearance agreements with American Chartered. Under one

of these agreements, plaintiff agreed to place a deed to the property in escrow and gave

the bank the right to record the deed in lieu of foreclosing on its mortgage if plaintiff

defaulted. Plaintiff eventually defaulted, and the bank and one of its affiliates recorded

the deed. Plaintiff, which then filed for bankruptcy, sued American Chartered and its

affiliate (collectively, American Chartered) to set aside the transfer as fraudulent under

11 U.S.C. § 548.

After discovery, American Chartered moved for summary judgment. It offered in

support an affidavit from Bryn Perna, a loan officer at the bank. The Court denied the

motion for summary judgment but in doing so noted that Perna had made a false

statement in her affidavit about what would happen if the bank recovered more in selling the property than plaintiff owed. Specifically, she said any excess proceeds would go to plaintiff. This was untrue; it contradicted the parties' written agreement. The bank had offered this point as a basis for summary judgment, though in fairness it was not the primary ground the bank argued. The Court was not bamboozled by Perna's false statement, but it called attention to the testimony in its ruling denying summary judgment. *1800 W. Lake St. v. Am. Chartered Bank*, No. 14 C 420, 2014 WL 7330924, at *4 (N.D. Ill. Dec. 22, 2014).

The case then went to trial before the Court, sitting without a jury. Perna testified at the trial, and under questioning by the bank's lawyer, she repeated the false statement the Court had noted in its summary judgment ruling. July 8, 2015 Tr. 15. After counsel for both sides completed their questioning, the Court inquired of Perna about this. When pressed for the basis for her statement, she did an about-face and conceded that she had been wrong. Specifically, she admitted that the bank was entitled to keep any excess proceeds under its agreements with plaintiff. *Id.* 42-43.

The Court found in favor of American Chartered after the bench trial. *See 1800 W. Lake St. LLC v. Am. Chartered Bank*, No. 14 C 420, 2015 WL 5050132 (N.D. Ill. Aug. 25, 2015). In its ruling, however, the Court noted the fact that American Chartered's counsel, Jordan Litwin and Jason Metnick of the law firm of Meltzer, Purtill & Stelle LLC, had again presented false testimony by Perna on this point even after the Court had called the matter to their attention in its summary judgment ruling. The Court ordered American Chartered and counsel to show cause why they should not be sanctioned under Federal Rule of Civil Procedure 11(b) for the false summary judgment

filing or under 28 U.S.C. § 1927 for that filing and the presentation of the testimony at trial.

The Court is persuaded by the submission of the bank and its attorneys that counsel's submission of the false statement in Perna's summary judgment affidavit was neither deliberate nor reckless. The standard for finding a violation of Rule 11, however, appears to be an objective negligence standard. *See Hays v. Sony Corp. of Am.*, 847 F.2d 412, 419 (7th Cir. 1988). The Rule provides, among other things, that an attorney's presentation of a paper to the Court constitutes a certification that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the factual contentions in it have evidentiary support. Fed. R. Civ. P. 11(b)(3). This particular contention did not, and a reasonably careful reading of the relevant agreement—which is all the Court did in determining that Perna's statement was false—would have shown that. But although counsel arguably violated Rule 11 by submitting the affidavit and relying on it in their summary judgment filings, it was, in the scheme of things, a small point, and the Court is persuaded by counsel's submission that this was an inadvertent oversight. For this reason, and in light of counsel's statements owning up to the error and describing what they have done to prevent future violations of this type, the Court concludes that imposition of sanctions under Rule 11 for the false filing is unnecessary to deter further violations and is otherwise inappropriate.

That leaves the matter of sanctions under 28 U.S.C. § 1927 for counsel's elicitation of similar false testimony from Perna at trial. "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be

unsound, the conduct is objectively unreasonable and vexatious" and thus sanctionable under section 1927. *Dal Pozzo v. Basic Machinery Co.*, 463 F.3d 609, 614 (7th Cir. 2006) (internal quotation marks and citation omitted); *Kapco Mfg. Co. v. C&O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1988). The Court concludes that the actions of the bank's counsel in eliciting this demonstrably false testimony at trial even after the Court had expressly flagged the point in its summary judgment ruling was reckless and ran afoul of this standard and that it therefore constituted a violation of section 1927.

The Court will not, however, impose a monetary sanction upon Mr. Litwin or Mr. Metnick. The statute permits an award of attorney's and expenses "reasonably incurred because of" the violation, 28 U.S.C, §1927, and in this case plaintiff incurred none. Perna's testimony on this particular point did not generate any questions by plaintiff's counsel or additional argument in closing; the only questions about it were by the Court. If American Chartered had petitioned for costs under Federal Rule of Civil Procedure 54, denial of costs might be an appropriate sanction, but no such petition was filed, perhaps because the Court advised the parties in its show cause order that it was contemplating denying an award of costs. The Court also has concluded that its public determination via this ruling that counsel acted inappropriately and violated section 1927 amounts to a sufficient penalty from the standpoint of deterrence.

### Conclusion

For the reasons described above, the Court declines to impose sanctions upon defendants or their counsel.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 20, 2016